IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Joseph Izell Mosley,                    )
                                        )    C/A No. 7:05-1785-GRA
          Petitioner,                   )
                                        )
v.                                      )    **ORDER**
                                        )    (Written Opinion)
The United States of America,           )
                                        )
          Respondent.                   )
_____)

This matter is before this Court on the petition of Joseph Izell Mosley, who has filed a *pro se* motion pursuant to 28 U.S.C. § 2255. Respondent filed a response and motion for summary judgment on September 22, 2005. Petitioner was sent an Order by this Court pursuant to *Roseboro v. Garrison,* 528 F2d 309 (4th Cir. 1975) on October 13, 2005, notifying him of the summary judgment procedure. Petitioner then filed his response in opposition to the Respondent's motion and a motion for evidentiary hearing on October 24, 2005. For the reasons set forth below, Respondent's summary judgment motion is granted.

Petitioner was charged in a two count Indictment filed on June 25, 2002. Count one charged him on or about June 7, 2002 with armed bank robbery, in violation of Title 18 U.S.C. §§ 2113 (a) and (d). Count two charged him with using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). On August 26, 2002, Petitioner, represented by counsel, pleaded guilty to the Indictment. On December 10, 2002, Petitioner was sentenced to one hundred six months imprisonment and five years of supervised release. Judgment was entered on the district court docket on December 18, 2002. Mosley appealed and on September 8, 2004, the Fourth Circuit Court of Appeals affirmed his sentence. His § 2255 Motion

1

was filed on June 22, 2005.

Petitioner's alleged grounds for relief in his Section 2255 Motion are as follows:

(1) "Ineffective Assistance of Counsel."

(2) "Ineffective Assistance of Counsel . . . Conviction obtained by plea of guilty which was unlawfully induced . . ."

(3) "Violation of Guilty Plea to the Statute."

## STANDARD OF REVIEW

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a pro se litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Summary judgment is appropriate if "there is no genuine issue as to any material fact . . . and the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Bailey v. Blue Cross & Blue Shield*, 67 F.3d 53, 56 (4th Cir. 1995). A court must view all evidence "in the light most favorable to the nonmoving party." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 756 (4th Cir. 1996). This standard includes resolving all doubts and drawing all inferences in that party's favor. However, the Court may not ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

DISCUSSION

<u>I.  Petitioner's claim as to his guilty plea is denied because of procedural default</u>

Petitioner failed to appeal any guilty plea issue.   An argument not raised on direct appeal is waived. *United States v. Frady*, 456 U.S. 152, 162-66 (1982); *United States v. Harris*, 183 F.3d 313, 317 (4th Cir.1999) (stating that an error can be attacked on collateral review only if first challenged on direct appeal); *Grant v. United States*, 72 F.2d 503, 505-506 (6th Cir.1996), cert. denied, 517 U.S. 1200 (1996) (refusing to address sentencing "relevant conduct" issues in a § 2255 because claims were not raised on direct appeal). Petitioner did not appeal his guilty plea issue, therefore, he is now foreclosed from raising it unless he demonstrates the cause for his failure to appeal and the actual prejudice stemming from this procedural default. *Frady*, 456 U.S. at 167-168.  Petitioner has not shown cause and prejudice sufficient to excuse his procedural default.

The defendant seeking to prove "actual prejudice" under the *Frady* test must "shoulder the burden of showing, not merely the errors at his trial created a possibility of prejudice, but that they worked to his actual disadvantage." *Frady*, 456 U.S. at 170. The "cause and prejudice standard" requires Petitioner to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue as required by each relevant procedural rule, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also the error he alleges "worked to his actual and substantial disadvantage . . ." *Frady*, at 170.  Petitioner's claim is subject to summary dismissal as it is a contention that in the face of the record is wholly incredible. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977).

Besides not raising this issue on direct appeal, Petitioner is not entitled to habeas relief because the alleged errors do not constitute a "fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 348 (1994).

3

II.   Petitioner's claim that his attorney was ineffective is legally deficient

In order to prevail on a claim of ineffective assistance of counsel it must be shown that (1) counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficiencies prejudiced the defense. *Strickland v. Washington*, 466 US 668, 687-692 (1984). The defendant "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690.  Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ."  The reviewing court should be highly deferential in scrutinizing counsel's performance, and should screen from its analysis the distorting effects of hindsight. *Id.*, at 688-89.

As to the prejudice prong, Petitioner has the burden to prove that the alleged deficiencies were in fact prejudicial to the outcome of the proceeding.  It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Strickland*, at 693.

In Ground one (1) of his § 2255 Motion, Petitioner states that he was denied effective assistance of counsel because his attorney failed to object to an uncounseled municipal probation offense in his presentence investigation report (hereinafter PSR) that increased the statutory maximum in his criminal history. The PSR shows that Petitioner waived his right to counsel for the only offense for which he received probation and one criminal history point.  Thus, Petitioner's attorney had no reason to object to its contents.  Furthermore, during sentencing, Petitioner agreed that he had reviewed the PSR with his attorney.  Since the PSR

4

was accurate, an objection by Petitioner's attorney to the prior convictions contained in the PSR would have been fruitless.  There is no evidence in the record that indicates that Petitioner's attorney provided ineffective assistance.

Petitioner also asserts he was denied ineffective assistance of counsel because his attorney "failed to recognize that the Federal Indictment under Criminal No. 7:02-376, Count 2, fails to provide a penalty for which a defendant can be sentenced for violating Title 18, United States Codes, Section 924(c)(1)(A).  The indictment charged the defendant that he "knowingly did use and carry a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of United States, that is bank robbery, and in committing said violation, the defendant did brandish a firearm."  Thus, the indictment charged an offense that is subject to a sentence of imprisonment under Section 924(c)(1)(A).  The record reflects that Petitioner received the Indictment.   This count was read to Petitioner at his plea hearing, he stated that he had no questions as to the charges, and there were no objections.

In analyzing an indictment's sufficiency, the issue is whether the indictment as a whole is so vague that it violates the defendant's rights.  The purpose of the indictment is: (1) to inform the defendant of the charge against him, so that he can prepare a defense; and (2) to enable the defendant to plead double jeopardy, if applicable. *Russell v. United States*, 369 U.S. 749,763-64 (1962); *United States v. Cobb*, 905 F.2d 784, 790 (4th Cir. 1990); *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998).  An indictment that tracks the language of the statute is usually sufficient to inform the defendant of the charged criminal conduct.  *United States v. American Waste Fibers Co., Inc.*, 809 F.2d 1044, 1046-47 (4th Cir. 1987).  Because the indictment in Petitioner's case tracked the language of the statute, it manifestly charged criminal conduct. Title 18 U.S.C. § 924 includes the unlawful acts and the penalties for them.  The sufficiency of the indictment is determined by practical, not technical,

5

considerations. *Cobb*, 905 F.2d at 790. "When a post-verdict challenge to the sufficiency of an indictment is made, 'every intendment is then indulged in support of . . . sufficiency.'" *United States v. Vogt*, 910 F.2d 1184, 1201 (4th Cir.1990) (quoting *Finn v. United States*, 256 F.2d 304, 307 (4th Cir. 1958)). A challenge based on the absence of an element of an offense will be rejected if the indictment contains words of similar import. *Finn*, at 306. The Court finds the indictment in this case was sufficient and Petitioner's attorney had no reason to object to it. Moreover, because Petitioner failed to object to the recommended finding in the PSR, the government carried its burden of proving by a preponderance of the evidence the actions attributable to him. *See United States v.Terry*, 916 F.2d 157, 162 (4th Cir. 1990). The Indictment in this case was sufficient. Therefore, his attorney's failure to object to it does not show that Petitioner's attorney acted unreasonably. Accordingly, this claim has no merit.

Furthermore, Petitioner's allegation of ineffective assistance of counsel directly contradicts his prior statements to the Court in the Rule 11 colloquy whereby Petitioner stated (1) that he was satisfied with his attorney's representation; (2) that he received the indictment containing the charges to which he would plead guilty; (3) that he understood the charges against him, the elements the government would be required to prove, and the maximum possible punishment for each; (4) that he was not threatened or forced to plead guilty; (5) that the United States Attorney accurately stated the terms of the plea agreement; (6) that no other promise of sentence was made to him; and (7) that he agreed with the evidence the government would offer by way of proof if a trial were held. Statements previously made under oath that affirm satisfaction with counsel are binding on the defendant absent strong evidence to the contrary. *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing *Blackledge*, 431 U.S. at 74).

6

III.  Petitioner entered a valid guilty plea

In his Section 2255 Motion, Petitioner claims that his plea was involuntary because of ineffective assistance of counsel; that he misunderstood the consequences of his plea; and that he did not have full knowledge of the elements of the charges.  However, at all stages of the Rule 11 hearing the court questioned Petitioner to determine whether he understood the consequences of the proceeding, and each time Petitioner acknowledged his understanding. Moreover, the court went over the maximum penalties for Petitioner's charges in detail and Petitioner agreed that he understood the possible sentence he was facing for each charge.  He also stated that he understood that if the sentence was more severe than he expected, that he could not withdraw his plea. Therefore, any potential misinformation concerning his plea or sentence provided to Petitioner, including that provided by his attorney, was cured by the court's Rule 11 colloquy.  *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) ("if the information given by the court at the Rule 11 hearing corrects or clarifies the earlier erroneous information given by the defendant's attorney and the defendant admits to understanding the court's advice, the criminal justice system must be able to rely on the subsequent dialogue between the court and the defendant." citing *United States v. Lambey*, 974 F.2d 1389, 1395 (4th Cir. 1992) (en banc)).

A defendant who states at a plea hearing that no one made any promises to cause him to plead guilty is bound by his statements in the absence of clear and convincing evidence to the contrary.  *Little v. Allsbrook*, 731 F.2d 238, 239 (4th Cir. 1984).  Petitioner stated that no one had made him any promises at his plea hearing.  The Fourth Circuit attaches "considerable importance" to the procedural dialogue, and does not view the oath taken by the defendant as an empty gesture. *Id*. at n. 3.  Petitioner has provided no justification for the Court to depart from the position the Fourth Circuit has taken with regard to guilty

pleas.

The plea agreement into which Petitioner entered was a voluntary and intelligent choice among the options available to him. The longstanding test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Where a defendant enters his plea upon the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice "was within the range of competence demanded of attorneys in criminal cases." Id. (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Petitioner has provided no new evidence to indicate that he would be in a better position had he not pled guilty. All indications are that the advice of the defense counsel to Petitioner recommending that he accept the plea offer was within the "objective standard of reasonableness" propounded by *Strickland* as the first prong of an inquiry into the effective assistance of counsel.

Petitioner also fails to show prejudice. He is simply attempting to have his case tried on collateral review, subsequent to having the safety net of the plea agreement. Allowing a defendant to do so negates the purpose of a plea agreement and goes against the judicial concept of finality. The Supreme Court has clearly indicated its position regarding collateral attacks on guilty pleas:

> . . . guilty pleas and the often concomitant plea bargain are important components of this country's criminal justice system. Properly, administered, they can benefit all concerned. The defendant avoids extended pretrial incarceration and the anxieties and uncertainties of a trial; he gains a speedy disposition of his case, the chance to acknowledge his guilt, and a prompt start in realizing whatever potential there may be for rehabilitation. Judges and prosecutors conserve vital and scarce resources. These advantages can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality. To allow indiscriminate hearings in federal postconviction proceedings . . . would eliminate the virtues of the plea system speed, economy, and finality.

*Blackledge v. Allison*, 431 U.S. 63, 71 (1977).

An "appropriately conducted Rule 11 proceeding . . . must be recognized

8

to raise a strong presumption that the plea is final and binding." *Lambey*, 974 F.2d at 1394.  As the Fourth Circuit has noted, "it is essential to an orderly working of the criminal justice system that guilty pleas tendered and accepted in conformity with Rule 11 . . . be presumed final."  *United States v. Sparks*, 67 F.3d 1145, 1154 (4th Cir. 1995).  Therefore, Petitioner's guilty plea shall stand.

## CONCLUSION

Petitioner's guilty plea claim is procedurally barred and deficient.  His claims of ineffective assistance of counsel as set forth above do not meet the standard enunciated in *Strickland.*  Therefore, all of Petitioner's claims fail.

Since it is clear from the pleadings, files, and records that Petitioner is not entitled to relief, an evidentiary hearing is not necessary.  *See* 28 U.S.C. § 2255; *Raines v. United States*, 423 F.2d 526 (4th Cir. 1970).  Accordingly, Petitioner's motion for an evidentiary hearing is DENIED.

IT IS THEREFORE ORDERED that the Respondent's motion for summary judgment be GRANTED, and that the § 2255 petition be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October ___27___, 2005.

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date

hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.