UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Joseph Izell Mosley,<br><br>                              Petitioner,<br><br>v.<br><br>United States of America,<br><br>                              Respondent. | C/A No. 7:05-cv-01785-GRA<br><br><br>**ORDER**<br>(Written Opinion) |

Petitioner moves this Court to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2). Petitioner further requests a ninety day extension of time to submit a memorandum stating his reasons why this Court should issue a certificate of appealability. Petitioner is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). For the reasons stated below, the Court DENIES the request for a certificate of appealability.

Petitioner sought relief in this Court pursuant to 28 U.S.C. § 2255. On October 27, 2005, this Court issued an Order granting Respondent's motion for summary judgment and dismissing the petition. On November 30, 2005, Petitioner filed a motion requesting "the proper application and rules of the court . . . to obtain a

certificate of appealability." This Court issued an Order, filed December 6, 2005, explaining to Petitioner that there is no form or application for filing a motion for certificate of appealability and outlining the standard Petitioner must satisfy for this Court to grant a certificate of appealability. Petitioner then filed the instant motion on January 17, 2006.

A habeas corpus petitioner proceeding under 28 U.S.C. § 2255 may not appeal an order denying the petition without first obtaining a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A court can issue a COA only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "substantial showing" required for a COA is a lesser showing than would be required for Petitioner to prevail on the merits of his/her petition. *See Barefoot v. Estelle*, 463 U.S. 880, 895 (1983).

In *Slack v. McDaniel*, 120 S.Ct. 1595 (2000), the United States Supreme Court articulated the standard for determining whether or not to issue a COA under the "substantial showing" language in section 2253(c). The Court stated:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

120 S. Ct. at 1604.

In this request for a COA, Petitioner makes no showing of the denial of a

constitutional right, and Petitioner offered no justification for this Court to grant him more time to state his reasons why a COA should issue.

IT IS THEREFORE ORDERED that Petitioner's request for an extension of time to file a memorandum in support of his motion for a certificate of appealability be DENIED.

IT IS FURTHER ORDERED that Petitioner's request for a certificate of appealability be DENIED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January __24__, 2006.